Michael D. Ott; #064454
David J. Frankenberger, #186140
ERICKSEN, ARBUTHNOT, KILDUFF,
DAY & LINDSTROM, INC.
2440 West Shaw Avenue, Suite 101
Fresno, California 93711
(559) 449-2600  Fax: (559) 449-2603

Attorney for Plaintiff, MICHAEL L. KEPHART, individually and doing business as KEPHART BAILS BONDS

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. KEPHART, individually and doing business as KEPHART BAIL BONDS,, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF BAKERSFIELD, a local governmental entity; CHIEF OF POLICE ERIC MATLOCK, an individual; DETECTIVE SCOTT E. CARVEL, an individual; DETECTIVE GREGG M. BENDER, an individual; and, DOES 1 TO 100, inclusive, <br><br> Defendants. | Case No. CIV-F-03-5331 OWW TAG <br><br> **ORDER RE PLAINTIFF'S MOTIONS IN LIMINE** <br><br> **DATE**:  September 9, 2005 <br> **TIME**:   12:15 p.m. <br> **Crtrm**:  2 <br><br> Trial Date:  September 20, 2005 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

///

///

[PROPOSED] ORDER RE PLAINTIFF'S MOTIONS IN LIMINE

1

The Motions in Limine of plaintiff MICHAEL L. KEPHART, individually and doing business as KEPHART BAIL BONDS ("PLAINTIFF") were heard on September 9, 2005, at 12:15 p.m., in Courtroom 2 of the above-entitled Court. David J. Frankenberger, Esq. appeared on behalf of PLAINTIFF. Jacob Rivas, Esq. appeared on behalf of defendants SCOTT E. CARVEL and GREGG M. BENDER (hereinafter collectively referred to as "DEFENDANTS"). Due consideration having been given to the above matters and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. PLAINTIFF's Motion in Limine No. One (1) – to Exclude Reference to Settlement Discussions – is granted.

2. PLAINTIFF's Motion in Limine No. Two (2) – to Exclude Non-Party Witnesses from the Courtroom – is granted.

3. PLAINTIFF's Motion in Limine No. Three (3) – to Exclude Reference to the Wealth or Poverty of DEFENDANTS – is granted, except as to Phase II of this trial, concerning PLAINTIFF's claim for punitive damages.

4. PLAINTIFF's Motion in Limine No. Four (4) – to Exclude Reference to the Dismissal of Claims or Defenses – is granted. Further, the Court has ordered that the new caption of this case shall read as follows, "Michael L. Kephart, individually and doing business as Kephart Bail Bonds v. Scott E. Carvel and Gregg M. Bender."

5. PLAINTIFF's Motion in Limine No. Five (5) – to Exclude Expert Testimony from Non-designated Experts – is moot. DEFENDANTS have agreed not to call any expert witnesses at trial, including, but not limited to, Don Stuart Cameron.

///

6. PLAINTIFF's Motion in Limine No. Six (6) – to Exclude Certain Anticipated Testimony of Defendants' Expert Don Stuart Cameron – is moot. DEFENDANTS have agreed not to call any expert witnesses at trial, including, but not limited to, Don Stuart Cameron.

7. PLAINTIFF's Motion in Limine No. Seven (7) – to Exclude Certain Anticipated Evidence Regarding Plaintiff's Payment of Traffic and Parking Citations – is granted, without prejudice. PLAINTIFF is required to make a foundational showing that DEFENDANTS had actual or constructive knowledge of the traffic and/or parking tickets before PLAINTIFF can introduce evidence of the traffic or parking tickets.

8. PLAINTIFF's Motion in Limine No. Eight (8) – to Exclude DEFENDANTS from Testifying as Expert Witnesses – is granted, except that DEFENDANTS will be allowed to testify regarding their background, training, education, and experience as police officers.

9. PLAINTIFF's Motion in Limine No. Nine (9) – to Exclude DEFENDANTS Certain Anticipated Testimony of Third Party Witness Santino Olas Medina – is granted as irrelevant as to Mr. Medina, except that DEFENDANTS may be allowed to offer this testimony if they can make a foundational showing that Mr. Medina's statements to DEFENDANTS provided the basis for DEFENDANTS' search warrant dated March 7, 2002. This motion is denied as to the Confidential Informant(s) identified in DEFENDANTS' Probable Cause Statements.

///

///

///

///

10. PLAINTIFF's Motion in Limine No. Ten (10) – to Exclude DEFENDANTS Certain Anticipated Testimony of Third Party Bryan Porter – is granted, in that SCOTT E. CARVEL was not entitled to rely on Mr. Porter's hearsay statements regarding who he believed committed to the January 1, 2002 theft and subsequent use of stolen credit cards. Additionally, all reports prepared by SCOTT E. CARVEL are inadmissible.

**IT IS SO ORDERED.**

DATED: ___Sept. 27___, 2005

/s/ OLIVER W. WANGER

_____
HON. OLIVER W. WANGER
JUDGE, UNITED STATES
DISTRICT COURT